**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| GENERAL CIGAR COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMPRESA CUBANA DEL TABACO, D.B.A. CUBATABACO. <br><br> Defendant. | CASE NO: 1:23-CV-00227 (LMB/WEF) |

## JOINT DISCOVERY PLAN

Plaintiff General Cigar Company, Inc. ("Plaintiff" or "GCC") and Defendant Empresa Cubana del Tabaco, d.b.a. Cubatabaco ("Defendant" or "CT") submit this Joint Discovery Plan in accordance with the Court's Scheduling Order dated May 3, 2023 [Dkt. 19].

Plaintiff and Defendant (collectively the "Parties") have conferred to consider the claims, defenses, possibilities of a prompt settlement, trial before a magistrate judge, to arrange for disclosures as required by the Federal Rules of Civil Procedure, and to develop a discovery plan.

**Statement by Defendant:**

Defendant was advised by Plaintiff on May 16, 2023 that Plaintiff "is likely to file an amended complaint as of right under Fed. R. Civ. P. 15(a)(1)(B), on or before May 22, 2023." Defendant's agreement to the instant Joint Discovery Plan was and continues to be based solely upon Plaintiff's original Complaint. Defendant believes that it may be appropriate and necessary to reconsider the Scheduling Order and the instant Joint Discovery Plan after there is an opportunity to examine the amended complaint. Defendant agrees to this Joint Discovery Plan without prejudice to this position and reserves the right to move to vacate and modify the

1

Scheduling Order and Joint Discovery Plan. Defendant also reserves the right to move to dismiss an amended complaint under Fed. R. Civ. P. 12(b), for judgment on the pleadings under Fed. R. Civ. P. 12(c), and/or for summary judgment under Fed. R. Civ. P. 56 and agrees to the instant Joint Discovery Plan without prejudice to its making such motion.

In light of Plaintiff's stated intention to file an amended complaint on or before Monday, May 22, 2023, Defendant respectfully suggests that the Magistrate Judge may wish to consider adjourning the Fed. R. Civ. P. 16(b) Pretrial Conference set for May 24, 2023 for one (1) week so that Defendant may have adequate time to consider the implications that the amended complaint may have for a discovery plan and scheduling order, and to avoid the possibility of there having to be a second Fed. R. Civ. P. 16(b) Pretrial Conference.

**Statement by Plaintiff:**

To preserve Court and Party resources, on May 16, 2023, in response to Defendant's indication that it intended to file an unspecified motion, GCC informed Defendant that GCC planned to amend its Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)(A). GCC explained the purpose of the intended amendment is to clarify GCC's claims in light of the Answer filed by Defendant.

GCC respectfully submits that the forthcoming amended Complaint should not impact the existing schedule nor require vacating or modifying any Scheduling Order that this Court enters pursuant to this Joint Discovery Plan submission by the Parties.

Subject to the foregoing, the Parties agree as follows:

1. **Initial Disclosures:** In view of the extensive prior discovery between the Parties, which have already disclosed the matters required to be disclosed by Fed. R. Civ. P. 26(a)(1), the Parties have agreed to waive initial disclosures in this action.

2.	**Settlement:**  Settlement discussions occurred between the Parties prior to the commencement of this action, and the Parties were unable to reach agreement on settlement.  The Parties may seek a settlement conference with Magistrate Judge Fitzpatrick as discovery progresses.

3.	**Magistrate Judge:**  The Parties have conferred and do not agree to try this action before a Magistrate Judge.

4.	**Expert Witnesses**:  The parties agree to the following schedule for disclosure of expert witnesses:

| Event | Deadline |
|---|---|
| Disclosure of identity and address of, and brief statement of subject matter of opinions to be offered by any expert which either Party may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705 | 7/28/2023 |
| Fed. R. Civ. P. 26(a)(2) expert disclosures for any expert which either Party may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705 | 8/11/2023 |
| Fed. R. Civ. P. 26(a)(2)(D)(ii) rebuttal expert disclosures | 9/1/2023 |

Expert disclosures were made at prior stages of this proceeding, some of which were subject to evidentiary objections.  If a Party intends to offer previous expert testimony under Fed. R. Evid. 702, 703, or 705 that was disclosed in a prior stage of this proceeding, that party shall disclose the "identity, and address of, and brief statement on the subject matter of opinions" for that expert by the deadline set forth above, but the Parties agree that neither Party needs to provide the expert disclosures required under Fed. R. Civ. P. 26(a)(2) for that expert.  Insofar that rebuttal expert testimony was offered by the non-disclosing party to expert disclosures made in prior stages of the proceeding, that rebuttal testimony shall be deemed to be disclosed upon the disclosure of

the affirmative expert opinion. All such affirmative or rebuttal expert disclosures shall be subject to any and all evidentiary objections raised at trial in the TTAB Proceeding. The Parties reserve their positions on whether objections not previously made may be asserted. If either Party intends to offer a new or altered opinion by such witness that Party must disclose the information identified in the table above in the timeframe identified there.

5. **Service and Filing of Discovery, Motions and All Other Documents**: Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures. Pursuant to Fed. R. Civ. P. 5(b)(2)(e), the Parties agree that notices of deposition, discovery requests and other such papers not required to be filed with the Clerk of the Court will be sent and accepted by electronic means, i.e., e-mail, and that service will be deemed complete upon and on the day of transmission and shall be treated as though delivered by hand on the date shown in the e-mail transmission. Service of all pleadings, discovery responses and other documents for which no response is required from the opposing party shall be deemed to be complete upon and on the day of transmission shown in the e-mail. Any attachments to discovery, deposition notices or other papers not filed with the Clerk of the Court shall either be e-mailed simultaneously or sent via secure file transfer protocol as soon as practicable following the e-mail transmission. The Parties also agree that service by e-mail will not be effective if the Party making service is informed that the document(s) being served was not received by the intended recipient. In such a case, effective service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail and shall be effective upon receipt by either method.

6. **Protective Order**: The Parties agree that a two-tier Protective Order is necessary for this case and intend to submit a Stipulation and (Proposed) Order for the Court's consideration.

As part of the Protective Order the parties intend to seek the protection made available under Rule 502(d) of the Federal Rules of Evidence.

7. **Discovery of Electronically-Stored Information**:  The Parties agree to cooperate in the exchange of ESI in a reasonable manner to minimize the expense of production and will identify the requested form of production pursuant to Fed. R. Civ. P. 34.  The Parties do not believe a separate order regarding ESI is necessary.

8. **Claim of Privilege or Protection of Trial Preparation Materials**:  If a Party asserts a claim of privilege as to any information, documents or other material ("Item") requested in discovery, the Party asserting the privilege claim shall provide the requesting Party with a Privilege Log which will (a) specify the legal basis for the claim of privilege for each responsive Item, (b) identify the Item with sufficient specificity to permit the requesting Party to move for an order compelling the production thereof, (c) with respect to each Item, indicate the date, author or generator, addressee(s), and other persons known to have received the Item, and (d) any other information on which the Party asserting privilege intends to rely in establishing the applicability of the claimed privilege to the Item.

9. **Preservation of Documents**: The Parties represent that each of them has taken reasonable measures to ensure that relevant documents not previously produced in prior litigation between the Parties have been preserved.

10. **Subjects on Which Discovery May Be Needed**.

Admission of TTAB Record in Action:  The Parties agree that the record in *Empresa Cubana del Tabaco d.b.a. Cubatabaco v. General Cigar Co., Inc.* TTAB Cancellation Proceeding No. 92025859 (the "Cancellation Proceeding") should be admitted in this action as provided in 15 U.S.C. § 1071(b)(3) and the testimony and exhibits in the Cancellation Proceeding should have

the same effect as if originally taken and produced in the action, subject, however, to any evidentiary objections to admission asserted by a Party in the Cancellation Proceeding, which objections shall be deemed to be reasserted for purposes of this action unless withdrawn by the objecting Party. The Parties reserve their positions on whether objections not previously made may be asserted.

The Parties agree promptly, but in no event later than Monday, May 22, 2023, to file with the Court a joint motion to admit "the record in the United States Patent and Trademark Office," as provided for in 15 U.S.C. § 1071(b)(3), in the Cancellation Proceeding, without prejudice to any evidentiary objections they may wish to assert. The Parties have reviewed the sealing requirements under Local Civil Rule 5 and agree to work collaboratively to minimize sealing burdens on each other.

Additional Discovery: With respect to additional fact discovery, if any, that a Party may wish to take to supplement the TTAB record, the Parties will endeavor not to pose discovery requests that were in substance previously served and responded to or ask questions that were previously asked and answered in oral or written discovery or trial depositions or trial testimony in the prior Cancellation Proceeding or in *Empresa Cubana del Tabaco d.b.a. Cubatabaco v. General Cigar Co., Inc.*, No. 97 Civ. 8399 (S.D.N.Y.)

Discovery Completion: The Parties presently believe that discovery can be completed by September 15, 2023, within the time set by the Court (Dkt. No. 19.)

11. **Fed. R. Civ. P. 16(b) Pretrial Conference:** In accordance with the Court's May 3, 2023 Scheduling Order, the Parties request that the Fed. R. Civ. P. 16(b) Pretrial Conference set for May 24, 2023 at 11:00 a.m. be held by telephone conference.

Dated: May 17, 2023

By: /s/ _John Marston_____
John Marston (VA Bar No. 95106)
FOLEY HOAG LLP 1717
K Street N.W. Washington, DC 20006
Tel: 202-232-1200
Fax. 202-785-6687
jmarston@foleyhoag.com

Natasha N. Reed (Admitted *Pro Hac Vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: 212-812-0400
Fax: 212-812-0399
nreed@foleyhoag.com

Nicole Kinsley (Admitted *Pro Hac Vice*)
FOLEY HOAG LLP
Seaport West 155 Seaport Boulevard
Boston, MA 02210-2600
Tel: 617-832-1000
Fax: 617-832-7000
nkinsley@foleyhoag.com

Michael Krinsky (Admitted *Pro Hac Vice*)
Lindsey Frank (Admitted *Pro Hac Vice*)
RABINOWITZ, BOUDIN, STANDARD, KRINSKY & LIEBERMAN, P.C.
320 West 85th Street
New York, NY 10024
Tel: 212-254-1111
Fax: 212-674-4614
mkrinsky@rbskl.com
lfrank@rbskl.com

***Attorneys for Empressa Cubana del Tabaco, D.B.A. Cubatabaco***

By: /s/ J. Kevin Fee_____
J. Kevin Fee (VA Bar No. 88376)
DLA PIPER LLP (US)
500 Eighth Street
Washington, DC 20004
Tel. 202.799.4441
kevin.fee@us.dlapiper.com

Andrew L. Deutsch (*pro hac* forthcoming)
Law Offices of Andrew L. Deutsch
6540 Olympic Place
Los Angeles, CA 90035
Tel: 917.861.3315
adeutsch221@gmail.com

Stanley J. Panikowski III (*pro hac* forthcoming)
DLA Piper LLP (US)
401 B Street
San Diego, CA 92101
Tel. 619.699.2700
stanley.panikowski@us.dlapiper.com

Joshua Schwartzman (*pro hac* forthcoming)
DLA Piper LLP (US)
1251 Avenue of the Americas, Fl. 27
New York, NY 10020
Tel. 212.336.4671
joshua.schwartzman@us.dlapiper.com

Oscar M. Orozco-Botello (*pro hac* forthcoming)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel. 310.595.3077
oscar.orozco-botello@us.dlapiper.com

***Attorneys for Plaintiff General Cigar Company, Inc.***