**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| GENERAL CIGAR COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMPRESA CUBANA DEL TABACO, D.B.A. CUBATABACO. <br><br> Defendant. | Case No: 1:23-cv-227 (LMB/WEF) |

**GENERAL CIGAR COMPANY, INC.'S
SUPPLEMENTAL MEMORANDUM OF LAW**

# TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................ 1

**ARGUMENT** ...................................................................................................................... 2

    **I. UNDER 15 U.S.C. § 1071(B), THE COURT HAS A MANDATORY OBLIGATION TO REVIEW AND CONDUCT FACTFINDING AS TO ALL NEW EVIDENCE AND MAY NOT DELEGATE THAT DUTY TO THE TTAB BY REMAND.** ........................ 2

    **II. REMAND WOULD BE JUDICALLY INEFFICIENT AND COSTLY** ................... 10

**CONCLUSION** ................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple, Inc. v. Cao*,
 Civ. No. 1:21cv1003 (TSE/JFA), 2022 WL 18781189 (E.D. Va. Jan. 14,
 2022) ................................................................................................................................6

*Belmora LLC v. Bayer Consumer Care AG*,
 987 F.3d 284 (4th Cir. 2021) ............................................................................................4

*In re Booking.com B.V.*,
 Ser. No. 85485097, 2017 WL 6033945 (T.T.A.B. Nov. 6, 2017) .....................................9

*Booking.com B.V. v. Matal*,
 1:16-cv-425 (LMB/IDD), 2017 WL 4853755 (E.D. Va. Oct. 26, 2017) .....................5, 8, 9

*Booking.com B.V. v. Matal*,
 278 F. Supp. 2d 891 (E.D. Va. 2017) (Brinkema, J.), *aff'd*, 915 F.3d 171 (4th
 Cir. 2019), *aff'd sub nom U.S. Patent and Trademark Off. v. Booking.com
 B.V.*, 140 S. Ct. 2298 (2020) ....................................................................................5, 7, 8

*Colorado River Water Conservation Dist. v. United States*,
 424 U.S. 800 (1976) ................................................................................................2, 6, 7

*Combe Inc. v. Dr. August Wolff GmBH & Co. KG Arzneimittel*,
 382 F. Supp. 3d 429 (E.D. Va. 2019), *aff'd*, 851 F. App'x 357 (4th Cir. 2021) ................6

*Disney Enters., Inc. v. Rea*,
 940 F. Supp. 2d 288 (E.D. Va. 2013) ...............................................................................5

*Glen Raven, Inc. v. Amerinova Properties, LLC*,
 Civ. No. 13-CV-2278-H-NLS, 2014 WL 12493193 (S.D. Cal. July 29, 2014) ................9

*Glen Raven, Inc. v. Amerinova Properties, LLC*,
 Opp. No. 91192496, 89 TTABVUE 2 (Jan. 7, 2015) .......................................................9

*GSH Trademarks Ltd. v. Sia "Baltmark Invest"*,
 Civ. No. 1:20-cv-0271, 2021 WL 1999791 (E.D. Va. May 18, 2021) .............................6

*Interprofession Du Gruyere v. U.S. Dairy Exp. Council*,
 575 F. Supp. 3d 627 (E.D. Va. 2021), *aff'd*, 61 F.4th 407 (4th Cir. 2023) ......................6

*Kappos v. Hyatt*,
 566 U.S. 431 (2012) ................................................................................................ *passim*

*MidAmerican Energy Co. v. Mid-Mid-America Energy Resources, Inc.*,
   250 F.3d 754 (Fed. Cir. 2000)..................................................................................9

*Moke Am., LLC v. A. Custom Golf Cars, Inc.*,
   Civ. No. 3:20cv400 (DJN), 2023 WL 3232601 (E.D. Va. May 3, 2023).................6

*Shammas v. Focarino,*
   784 F.3d 219 (4th Cir. 2015) ...............................................................................4, 6

*Stallard v. U.S. Patent & Trademark Off.*,
   1:22-cv-1236 (LMB/JFA), 2023 WL 2298749 (E.D. Va. Mar. 1, 2023)
   (Brinkema, J.)..........................................................................................................2

*Swatch AG v. Beehive Wholesale, LLC*,
   739 F.3d 150 (4th Cir. 2014) ............................................................................ passim

*Taylor v. Matal*,
   1:15-cv-1607 (LMB/JFA), 2017 WL 3446532 (E.D. Va. Aug. 10, 2017) ...............5

**Statutes**

15 U.S.C. § 1071(a)(1).....................................................................................................2

15 U.S.C. § 1071(b) ................................................................................................ passim

28 U.S.C. § 2106..............................................................................................................7

28 U.S.C. § 2347(c) .........................................................................................................7

35 U.S.C. § 145.........................................................................................................2, 3, 5

**Other Authorities**

J.T. McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 21.21
   (5th ed.) ...................................................................................................................6

## INTRODUCTION

Plaintiff General Cigar Co., Inc. ("GC") respectfully submits this supplemental memorandum of law, as authorized by the Court at the July 9, 2023 hearing on defendant Empresa Cubana del Tabaco, d.b.a. Cubatabaco's ("CT") Motion for Judgment on the Pleadings.

The U.S. Supreme Court, the Fourth Circuit, and this Court have held that in an action under 15 U.S.C. § 1071(b), a district court has a duty to consider and make findings of fact concerning new evidence that a party introduces in the course of the action. The court itself must review both the new evidence and the facts that were before the Trademark Trial and Appeal Board ("TTAB" or the "Board") *de novo*. Because the factfinding must be done by the district court itself, the district court may not remand the case to the TTAB to consider the party's new evidence.

GC intends to introduce new evidence in this *de novo* action. The law does not permit the Court to remand to the TTAB for consideration of that new evidence. Rather, the law requires the Court to conduct its own factfinding as to GC's new evidence in this action, including evidence relating to the merits of CT's claim under Article 8 of the General Inter-American Convention for Trade Mark and Commercial Protection, 46 Stat. 2907 ("IAC"), and review the entire factual record *de novo*. The Court should therefore refrain from remanding this civil action to the TTAB.

## STATEMENT OF FACTS

Defendant's Motion for Judgment on the Pleadings sought to preclude GC from introducing evidence in this action which GC had not submitted at trial in the TTAB Cancellation Proceeding. At the July 7, 2023 Motion hearing, the Court denied this relief, ruling that "I am not going to find that plaintiff is foreclosed from bringing in arguments or evidence that was not before the TTAB." (Declaration of Kevin J. Fee ("Fee Decl."), ¶ 2, Ex. 1 at 18:22-24.) However, the Court agreed to supplemental briefing on whether it had discretion to remand a case with this

posture to the TTAB to conduct *de novo* factfinding, rather than conducting that factfinding itself. (*Id*. at 18:25-19:10; 24:20-25:6). This supplemental memorandum of law is submitted to show that, as a matter of law, the Court does not have the discretion to remand *de novo* factfinding on new evidence to the TTAB, but must conduct that factfinding itself. Moreover, a remand to the TTAB would be judicially inefficient and impose unnecessary costs on the parties.

**ARGUMENT**

**I.     UNDER 15 U.S.C. § 1071(b), THE COURT HAS A MANDATORY OBLIGATION TO REVIEW AND CONDUCT FACTFINDING AS TO ALL NEW EVIDENCE AND MAY NOT DELEGATE THAT DUTY TO THE TTAB BY REMAND.**

15 U.S.C. § 1071(b) is a broad statutory grant of jurisdiction by Congress to the district courts, under which either party to an *inter partes* proceeding may elect *de novo* district court review of a TTAB final decision. *See* 15 U.S.C. § 1071(a)(1), (b)(1). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" by Congress. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In a *de novo* action under § 1071(b), the district court's obligation to exercise jurisdiction includes the duty to consider and conduct factfinding with respect to any new evidence submitted by a party to the action.

This duty is made clear by *Kappos v. Hyatt*, 566 U.S. 431 (2012), "the primary case interpreting the patent and trademark civil action statutes." *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 155 (4th Cir. 2014). *Kappos* interpreted 35 U.S.C. § 145, after which the *de novo* remedy of 15 U.S.C. § 1071(b) was later modeled, and is viewed as an authoritative guide to interpreting § 1071(b). *Swatch*, 739 F.3d at 155-56; *see also Stallard v. U.S. Patent & Trademark Off.*, Civ. No. 1:22-cv-1236 (LMB/JFA), 2023 WL 2298749, at *6 (E.D. Va. Mar. 1, 2023)

(Brinkema, J.) (Patent Act provides "analogous scheme" to § 1071 for administrative and judicial review).

Section 145 gives patent applicants disappointed with a decision of the Board of Patent Appeals and Interferences (the "BPAI") the right to elect a *de novo* action in district court instead of a Federal Circuit appeal. The questions considered in *Kappos* were (1) whether the applicant could introduce evidence in the *de novo* action that was not raised before the BPAI and (2) whether the district court must itself conduct factfinding as to the new evidence and *de novo* factfinding as to the overall factual record. *Kappos* answered yes to both questions and stated definitively that "the district court <u>must</u> make a *de novo* finding when new evidence is presented on a disputed question of fact." 566 U.S. at 433-34 (emphasis added).

*Kappos* held that a litigant in a § 145 action may introduce evidence not provided to the Board, if permitted by the Federal Rules of Civil Procedure and Evidence. *Id.* at 437. It also held that general administrative law principles codified under the Administrative Procedure Act do not apply to § 145 actions and that the record before the Board may be supplemented by additional evidence presented in the *de novo* action:

> [T]he district court may consider new evidence. When the district court does so, it must act as a factfinder. In that role, it makes little sense for the district court to apply a deferential standard of review to PTO factual findings that are contradicted by the new evidence. The PTO, no matter how great its authority or expertise, cannot account for evidence that it has never seen. <u>Consequently, the district court must make its own findings *de novo* and does not act as the "reviewing court" envisioned by the APA.</u>

*Kappos*, 566 U.S. at 438 (emphasis added).

*Kappos* also rejected the USPTO's assertion that principles of administrative exhaustion apply in § 145 actions. It found that the rationale for the administrative exhaustion doctrine:

3

> does not apply here because, by the time a § 145 proceeding occurs, the PTO's process is complete. <u>Section 145, moreover, does not provide for remand to the PTO to consider new evidence</u>, and there is no pressing need for such a procedure because a district court, unlike a court of appeals, has the ability and the competence to receive new evidence and to act as a factfinder.

566 U.S. at 439 (emphasis added). *Kappos* concluded that "if new evidence is presented on a disputed question of fact, the district court <u>must</u> make *de novo* factual findings that take account of both the new evidence and the administrative record before the PTO." *Id.* at 446 (emphasis added).

Most significantly, *Kappos* makes clear that the district court – and only the district court – may conduct factfinding as to new evidence:

> The district court <u>must</u> assess the credibility of new witnesses and other evidence, determine how the new evidence comports with the existing administrative record, and decide what weight the new evidence deserves. As a logical matter, the district court can only make these determinations *de novo* <u>because it is the first tribunal to hear the evidence in question</u>."

*Id.* at 444 (emphases added).

The Fourth Circuit has applied *Kappos* to *de novo* actions reviewing TTAB decisions pursuant to 17 U.S.C. § 1071(b). That court has repeatedly held that in a § 1071(b) action, the district court must consider new evidence introduced by a party and conduct a *de novo* review of the entire factual record. *Belmora LLC v. Bayer Consumer Care AG*, 987 F.3d 284, 298 (4th Cir. 2021); *Shammas v. Focarino*, 784 F.3d 219, 225 (4th Cir 2015); *Swatch*, 739 F.3d at 155-56 ("[W]here new evidence is submitted, <u>*de novo* review of the entire record is required </u>because the district court cannot meaningfully defer to the PTO's factual findings if the PTO considered a different set of facts.") (quoting *Kappos*, 566 U.S. at 445) (emphasis added). Moreover, *Swatch* held that in § 1071(b) actions, the district court "must determine, among other things, 'how the

4

new evidence comports with the existing administrative record,' and 'as a logical matter [it] can only make [this] determination[ ] de novo because it is the first tribunal to hear the evidence.'" 739 F.3d at 156 (quoting *Kappos*, 566 U.S. at 444).

This Court has itself conducted factfinding on new evidence in § 1071(b)(1) actions.[1] In *Booking.com B.V. v. Matal*, 278 F. Supp. 2d 891, 898-99 (E.D. Va. 2017) (Brinkema, J.), *aff'd*, 915 F.3d 171 (4th Cir. 2019), *aff'd sub nom U.S. Patent and Trademark Off. v. Booking.com B.V.*, 140 S. Ct. 2298 (2020), the Court explained that:

> [u]nder § 1071(a), an appeal to the Federal Circuit is taken "on the record" before the USPTO, id. § 1071(a)(4), and the USPTO's factual findings will be upheld if they are supported by "'substantial evidence.'" In contrast, in a civil action under § 1071(b), the district court reviews the record *de novo* and acts as the finder of fact.

278 F. Supp. 2d at 898. In *Booking.com*, on cross-motions for summary judgment, the trademark applicant and the USPTO both introduced "new evidence," not previously considered by the TTAB, on whether the mark BOOKING.COM was generic or descriptive, 278 F. Supp. 2d at 898. The parties stipulated that "if the Court determines after reviewing the briefs and evidence on summary judgment that any material issue of fact exists, the Court is authorized to resolve any such factual dispute." *Id.* at 900. Accordingly, in ruling on summary judgment, the Court made detailed findings of fact based in part on the new evidence. This Court recognized that it had to conduct the *de novo* factfinding required by the case, explaining:

> [T]he 'dual capacity' standard of review endorsed by defendants— where the district court acts as appellate reviewer of facts found by the USPTO and fact-finder on issues for which there is new evidence—was held to be "erroneous" by the Fourth Circuit. Were

---

[1] The Court has also applied *Kappos*'s requirement that the court must do its own factfinding in patent review cases under 35 U.S.C. § 145. *See, e.g.*, *Taylor v. Matal*, 1:15-cv-1607 (LMB/JFA), 2017 WL 3446532, at *10 (E.D. Va. Aug. 10, 2017) ("[W]hen new evidence is introduced, the district court must make *de novo* fact findings") (citations and quotation marks omitted)); *Disney Enters., Inc. v. Rea*, 940 F. Supp. 2d 288, 291 (E.D. Va. 2013).

> there any room for ambiguity about the applicability of *de novo* review, it was dispelled by the Fourth Circuit's subsequent decision in *Shammas v. Focarino*, 784 F.3d 219 (4th Cir. 2015), which explained that § 1071(b) authorizes '[d]e novo civil actions' in which '[t]he district court reviews <u>all the evidence</u> de novo and acts as the trier of fact." *Id*. at 225 (emphasis added) (citing *Swatch*, 739 F.3d at 155).

*See Colorado River*, *supra*. *See also Moke Am., LLC v. A. Custom Golf Cars, Inc.*, Civ. No. 3:20cv400 (DJN), 2023 WL 3232601, at *2 (E.D. Va. May 3, 2023); *Apple, Inc. v. Cao*, Civ. No. 1:21cv1003 (TSE/JFA), 2022 WL 18781189, at *4 (E.D. Va. Jan. 14, 2022); *GSH Trademarks Ltd. v. Sia "Baltmark Invest"*, Civ. No. 1:20-cv-0271, 2021 WL 1999791, at *2 (E.D. Va. May 18, 2021) ("When reviewing a TTAB decision, a district court must conduct 'de *novo* review of the entire record' when new factual evidence is submitted.") (quoting *Swatch AG*, 739 at 155-56); *Interprofession Du Gruyere v. U.S. Dairy Exp. Council*, 575 F. Supp. 3d 627, 632 (E.D. Va. 2021), *aff'd,* 61 F.4th 407 (4th Cir. 2023); *Combe Inc. v. Dr. August Wolff GmBH & Co. KG Arzneimittel*, 382 F. Supp. 3d 429, 443-444 (E.D. Va. 2019), *aff'd*, 851 F. App'x 357 (4th Cir. 2021) ("[W]hen new evidence is submitted in addition to the PTO record, the district court must exercise de novo review of the entire factual record."); J.T. McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 21.21 (5th ed.) ("[W]hen new evidence is submitted in the district court, the court will conduct a de novo review of the entire record, including the evidence before the T.T.A.B. and the new evidence submitted on review. A district court review of the T.T.A.B. is not an 'appeal' in the traditional sense: it is a fresh and de novo look at the issues.")

*Kappos* and *Swatch* are binding precedent that prevent this Court from remanding GC's new evidence to the TTAB for factfinding. Section 1071(b) leaves no room for discretion, as shown by the many court cases stating that the district court "must" make *de novo* fact findings and must be "the first tribunal to hear the [new] evidence." *Swatch*, 739 F.3d at 156. Moreover,

6

like the Patent Act provision considered in *Kappos*, § 1071(b) "does not provide for remand to the PTO to consider new evidence." *Kappos*, 566 U.S. at 439. No other statute gives a district court authority to remand facts or issues raised in a § 1071(b) action to the TTAB.[2] Were a district court to delegate factfinding on new evidence to the TTAB via remand, it would be failing to meet its obligation to exercise the jurisdiction that Congress has conferred on it. *See Colorado River*, *supra*.

Indeed, GC has not found any decision under § 1071(b) where a district court remanded factfinding to the TTAB. This outcome is not surprising, given the uniformity and clarity of precedent requiring the district court to do its own factfinding.

However, in one decision of this Court, not involving review of an *inter partes* decision of the TTAB, the Court returned a *legal* issue regarding registrability of a mark to the USPTO. That case is readily distinguishable from the present situation.

The case is *Booking.com BV v. Matal*, 278 F. Supp. 2d 891, 899 (E.D. Va. 2017) (Brinkema, J.), *aff'd*, 915 F.3d 171 (4th Cir. 2019), *aff'd sub nom U.S. Patent and Trademark Off. v. Booking.com B.V.*, 140 S. Ct. 2298 (2020), where this Court considered four applications involving the mark BOOKING.COM. Three of the applications involved marks with stylized elements in addition to the word BOOKING.COM. The applicant claimed two different classes of services for its marks (travel agency services in Class 39 and hotel reservation services in Class

---

[2] The general remand authority granted by 28 U.S.C. § 2106 is limited to courts with appellate jurisdiction. *Id*. ("The Supreme Court or any other court of appellate jurisdiction . . . may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). However, a district court hearing a *de novo* action under § 1071 does not act as an appellate body. *Swatch*, 739 F.3d at 156. While there are statutes that authorize courts of appeals having appellate review over certain agency decisions to order that new evidence be heard by the agency, *see, e.g.*, 28 U.S.C. § 2347(c), the TTAB is not among the agencies referenced in the statutes.

43). Registration was refused by the USPTO examiner on each application, originally on the ground of descriptiveness and later on the ground of genericness. The applicant appealed to the TTAB, which affirmed the four refusals of registration. As noted above, the applicant then filed a *de novo* § 1071(b) action with this Court, with the Director and USPTO as defendants. Both sides introduced new evidence, and the Court conducted *de novo* factfinding regarding that evidence.

The Court concluded that the applicant had established that BOOKING.COM was a descriptive, non-generic mark and had carried its burden of showing secondary meaning for Class 43 services, but not for Class 39 services. It ordered that two of the four applications be registered, including one of the design marks because the USPTO had already found the stylized elements to be eligible for protection. For the other two applications which claimed both Class 39 and Class 43 services, the USPTO had not yet determined whether the design elements in combination with the word mark were eligible for protection. 278 F. Supp. 2d at 924 n.23. The Court therefore remanded those two applications to the USPTO for "further administrative proceedings" to determine whether "the design and color elements in those two applications, in combination with the protectable word mark, are eligible for protection as to Class 43 services." 278 F. Supp. 2d at 924.[3]

---

[3] *See also Booking.com B.V. v. Matal*, Civ. No. 1:16–cv–425 (LMB/IDD), 2017 WL 4853755, at *3 (E.D. Va. Oct. 26, 2017), in which the Court subsequently denied the plaintiff's motion to amend the judgment to order the PTO to register the two remaining applications, because the USPTO had not yet passed on whether the design elements thereof were entitled to registration, and because a mark may be published for opposition only after the trademark examiner determines that it appears that the mark is "entitled to registration, or would be entitled to registration upon acceptance of the statement of use." *Id.*, quoting 15 U.S.C. § 1062(a).

It is clear that there was no factfinding upon remand. Before review was sought in this Court, the trademark examiner had required the applicant, as a condition to registration, to disclaim BOOKING.COM within the design mark on the ground that the mark was generic. The TTAB affirmed this requirement as a condition to registration. Because this Court had held that the plaintiff-applicant had not shown acquired distinctiveness of BOOKING.COM as to Class 39 services, when the Court remanded to the TTAB, the Board stated that the effect of the Court's

The Court's ruling on these two applications in *Booking.com* was not a remand to the TTAB for factfinding. Rather, it was a recognition that judicial action on the two applications in question would be premature since the USPTO trademark examiner had not yet made a legal determination of whether the design elements in the applications were entitled to protection. And, most importantly, the Court itself conducted *de novo* factfinding on the new evidence that both parties submitted, thereby evidencing recognition that the Court, not the TTAB, has a duty to conduct such a factual review.[4]

---

decision and judgment was "to leave in place, as to the Class 39 services only, the requirement of a disclaimer of the exclusive right to use BOOKING.COM" before the marks would be published for opposition. *In re Booking.com B.V.*, Ser. No. 85485097, 2017 WL 6033945, at *1 (T.T.A.B. Nov. 6, 2017). Because the applications involved two classes, the TTAB remanded to the examiner with instructions to give the applicant three options: (1) deleting Class 39 services from the applications, (2) dividing the application by class into two applications, where the Class 43 application would then be ready for publication and the applicant could pursue Fourth Circuit review of this Court's refusal to order registration of the Class 39 application, or (3) agreeing to the disclaimer of the exclusive right to use BOOKING.COM for the Class 39 services only, which would make the application ready for publication in both Classes 39 and 43. *Id.*, 2017 WL 6033945, at *1.

[4] Similarly, although *Glen Raven, Inc. v. Amerinova Properties, LLC*, Civ. No. 13-CV-2278-H-NLS, 2014 WL 12493193, at *1 (S.D. Cal. July 29, 2014), involved a remand to the TTAB, it was not a remand for factfinding. There, the parties settled a § 1071(b)(1) litigation, but the settlement was contingent on the TTAB vacating its decision and dismissing the opposition. The district court remanded to the TTAB on the grounds that "[w]here a settlement moots the controversy between two parties in a trademark dispute, "[t]he proper course is remand the case so that the TTAB can consider [a party's] request for vacatur and dismissal of the opposition." (citing *MidAmerican Energy Co. v. Mid-Mid-America Energy Resources, Inc.*, 250 F.3d 754 (Fed. Cir. 2000)). The court made clear that remand was not for factfinding, as it "instruct[ed] the TTAB to facilitate resolution of the dispute and accept the parties' agreement to withdrawal Amerinova's application with prejudice and dismiss Glen Raven's opposition as moot." *Glen Raven*, 2014 WL 12493193 at *1. The Board then complied, ordering vacatur of its decision and dismissing the opposition as moot. *Glen Raven, Inc. v. Amerinova Properties, LLC,* Opp. No. 91192496, 89 TTABVUE 2 (T.T.A.B. Jan. 7, 2015).

## II. REMAND WOULD BE JUDICALLY INEFFICIENT AND COSTLY

Not only do *Kappos* and *Swatch* prohibit the Court from delegating its factfinding obligation to the TTAB, but such a remand also would be inefficient and costly. Under the existing scheduling order in this action, the parties are likely to move for summary judgment promptly after the scheduled September 21, 2023 Final Pretrial Conference, and trial is likely to be scheduled within a few months of that date. Without a remand, GC's new evidence, as well as the facts introduced at the TTAB trial, will soon be before the Court for *de novo* factfinding, and the 26-year-old dispute over the COHIBA mark will be on its way to final resolution.

Remand for factfinding would create a dilemma for the TTAB and unnecessary delay and expense for the parties. The Trademark Trial and Appeal Board Manual of Procedure contains no rules or procedures for handling a remand of a § 1071(b)(1) action from a district court, so it is not clear that the TTAB would even view itself as authorized to undertake that factfinding. The parties would likely have to brief this procedural issue before anything else. If the TTAB did develop ad hoc procedures for hearing a remand, the parties would then have to present the evidence and make their arguments as to the findings of fact to be drawn from that evidence. This process would add months, if not a year or more, to the ultimate resolution of the controversy. In addition, the expenses incurred by the parties at the TTAB would be largely wasted, since when the action returned to this Court, the Court would still have to conduct a *de novo* review of the entire factual record, and the parties would have to again brief the findings of fact they want the Court to make. These consequences counsel strongly against remand.

In short, the Court must conduct its own factfinding with respect to any new evidence that GC introduces in this case, and may not delegate that obligation to the TTAB. It should therefore decline to remand any aspect of this case to the TTAB.

**CONCLUSION**

For the reasons set forth above, the Court should decline to remand any aspect of this case to the TTAB.

Dated: July 21, 2023

Respectfully submitted,

By: */s/ J. Kevin Fee*
J. Kevin Fee (VA Bar No. 88376)
DLA PIPER LLP (US)
500 Eighth Street
Washington, DC 20004
Tel. 202.799.4441
kevin.fee@us.dlapiper.com

Andrew L. Deutsch (*pro hac vice*)
Law Offices of Andrew L. Deutsch
6540 Olympic Place
Los Angeles, CA 90035
Tel: 917.861.3315
adeutsch221@gmail.com

Stanley J. Panikowski (*pro hac vice*)
DLA Piper LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel. 858.677.1400
stanley.panikowski@us.dlapiper.com

Joshua Schwartzman (*pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas, Fl. 27
New York, NY 10020
Tel. 212.336.4671
joshua.schwartzman@us.dlapiper.com

Oscar M. Orozco-Botello (*pro hac vice*)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel. 310.595.3077
oscar.orozco-botello@us.dlapiper.com

*Attorneys for Plaintiff General Cigar Company, Inc.*