**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| GENERAL CIGAR COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMPRESA CUBANA DEL TABACO, D.B.A. CUBATABACO. <br><br> Defendant. | Case No: 1:23-cv-227 (LMB/WEF) |

## PARTIES' JOINT STATUS REPORT REGARDING TRIAL BRIEFING SCHEDULE

Plaintiff General Cigar Company, Inc. ("General Cigar") and Defendant Empresa Cubana del Tabaco d.b.a Cubatabaco ("Cubatabaco") hereby respectfully submit this joint status report regarding the schedule for trial on the Written Record, pursuant to the Court's Order dated September 22, 2023 (Dkt. No. 62).

The parties have conferred in good faith concerning a proposed schedule for a trial on the Written Record identified in Part I. The parties have reached agreement on a joint proposal to the Court regarding a schedule, with the exception of two items identified in the proposed schedule below in Part I. The parties also present their alternative proposals for the Court's consideration and provide an explanation of their positions in Part II B-C. of this Report.

In Part II.A. below the parties respectfully request a modification to the prior Order regarding objections to exhibits.

The parties are available for a further conference with the Court on these proposals, if needed.

**I.     Jointly Proposed Schedule**

The parties jointly propose the following schedule. Where there is disagreement on related issues, that is flagged in a footnote and addressed further in Part IIB.

|   | **Filing/Hearing** | **Proposed Deadline** |
|---|---|---|
| 1 | Each party's witness list and exhibit list | October 20, 2023 |
| 2 | Stipulation of uncontested facts | November 13, 2023 |
| 3 | Motion(s) *in limine* and *Daubert* motion(s) (to be filed as two separate motions) | November 27, 2023 |
| 4 | Oppositions to *motions in limine* and *Daubert* motions | December 11, 2023 |
| 5 | Replies to motion(s) *in limine* and *Daubert* motion(s) | December 18, 2023 |
| 6 | Hearing on motion(s) *in limine* and *Daubert* motion(s) | December 22, 2023 (21-day motion briefing per Local Rule 7(F)) |
| 7 | Opening briefs for judgment on the Written Record, declarations, transcript designations, and exhibits in support of position.[1] | Thirty (30) days after decision on motion(s) *in limine* and *Daubert* motion(s), or on February 1, 2024 if the Court decides the motions before January 2, 2024 |
| 8 | Opposing trial briefs and any rebuttal evidence.[1] | Thirty (30) days after filing opening trial papers |
| 9 | Reply trial briefs and any rebuttal evidence. | Twenty (20) days after filing opposing trial papers. |
| 10 | Proposed findings of fact and conclusions of law.[2] | Thirty (30) days after filing reply trial papers [**General Cigar's proposal**]<br><br>With reply papers [**Cubatabaco's proposal**] |

---

[1] See positions below regarding filing of proposed findings of fact and conclusions of law.
[2] See positions below regarding filing of proposed findings of fact and conclusions of law.

| 11 | Each party's list of exhibits that it actually cited, indicating objections to admission, and transcripts and declarations of testimony actually cited by either party, indicating any objections to admission of the testimony.[3] | Fifteen (15) days after submission of proposed findings of fact and conclusions of law [**General Cigar's proposal**] |
| | | Thirty (30) days after filing reply trial papers [**Cubatabaco's proposal**] |

## II.  Additional Issues:

### A. *Joint Proposal on Objections to Exhibit Lists and Testimony Transcripts*

The parties jointly propose filing objections to exhibits and designated testimony *after* the conclusion of briefing as identified in the table above, in conjunction with streamlined exhibit lists and testimony designations that will be narrowed to match what the parties have actually cited in their trial briefs and proposed findings of fact (rather than the broader universe of potential citations identified prior to briefing).

The parties note that the nature of a trial on Written Record supports their proposal. While the standard Scheduling Order provides that "objections to exhibits must be filed within 10 days after the conference; otherwise the exhibits shall stand admitted into evidence," Dkt. No. 19, in this trial on Written Record, there would be a substantial savings of judicial resources to delay objections until *after* briefing, so they can be limited to what the parties have actually cited – likely a much smaller universe. Additionally the Court would be able to address this limited universe of objections in light of whatever disposition has made on *in limine* motions raising evidentiary objections, if any, and the presentation of the issues in the briefs.

---

[3] See positions below regarding responses to objections.

Unlike a live trial, there is no competing interest in addressing objections in advance, as that will not save time by streamlining presentation of evidence to a jury or the Court and avoiding pauses in the trial to address objections as evidence is introduced.

Addressing objections after the briefing will also allow the parties to more meaningfully conference those objections, with a better chance of resolving some and bringing to the Court only those that may have meaningful impact on the case.

### B. *Disagreement on Responses to Objections*

Cubatabaco proposes that the proponent of the evidence be entitled to respond to any objection. General Cigar takes the contrary position.

#### a. *Cubatabaco's Statement*

Cubatabaco submits that, for an adequate process of a trial on the Written Record, it is necessary to allow the proponent of the exhibit or testimony the opportunity to respond to objections, and that a response may be helpful to the Court.

Under Cubatabaco's proposal, *after* close of briefing, responses will be filed in the same documents as objections (i.e., in exhibit lists or in individual transcripts). Thus, responses will not increase the number of documents submitted to the Court or delay the point at which the Court may consider them. Cubatabaco does not understand and does not agree with General Cigar's objection that this process is redundant due to earlier motions *in limine*. This process will apply to objections that are not decided by the Court as part of those motions.

Cubatabaco disagrees with General Cigar's assertion that allowing responses will result in any additional burden to the Court, or any additional burden at all to the objecting party. Further, it is essential, in Cubatabaco's view, to an adequate process for adjudication on a Written Record.

b. *General Cigar's Statement*

General Cigar opposes this proposal as not consistent with normal procedure in live trials, where the Court rules on most objections without consulting the proponent of the evidence, and as creating a substantial time burden for the Court and the objecting party. Cubatabaco's proposal is unnecessary in light of the parties' joint proposal, approved by the Court at the September 22, 2023 hearing, to file motions *in limine* in advance of the trial briefing to exclude inadmissible categories of evidence, and then for the Court to rule on those motions *in limine* prior to the parties trial submissions. Consistent with the joint schedule proposal above, in the post-trial submission, the parties should submit exhibit lists that include any objections to admissibility by the other party that identifies the basis for the objections for the Court's consideration.

General Cigar would not oppose a post-trial evidentiary hearing to provide further detail about specific objected-to exhibits or portions of testimony, if the Court finds one necessary as it considers the record. Alternatively, General Cigar would not oppose a procedure where the Court asks the proponent of evidence in individual cases to provide a written justification for admission of a specific objected-to exhibit or portion of testimony as it considers the trial record. These alternatives are less burdensome and more efficient for both the parties and the Court.

C. *Disagreement on Proposed Findings of Fact and Conclusions of Law*

*General Cigar*: General Cigar proposes that each party files a single set of proposed findings of fact and conclusions of law thirty (30) days following the conclusion of trial briefing.

*Cubatabaco*: Cubatabaco proposes that each party (a) files proposed findings of fact and conclusions of law as a separate document when it files its opening trial brief, (b) files supplemental proposed findings of fact and conclusions of law as a separate document when it files its opposition brief, in order to address issues raised in the other party's opening brief, and (c)

5

at the conclusion of briefing, for the convenience of the Court, files a single document combining the initial and supplemental proposed findings of fact and conclusions of law ("combined proposed findings").

The parties add the following statements in support of their respective proposals.

### a. *General Cigar's Statement:*

General Cigar's proposal is consistent with the "normal practice for a bench trial" as the Court indicated it would expect the parties to follow for a bench trial on the papers. (Sept. 22, 2023 Hr. Tr. at 17:23-24). In ordinary bench trials in this District, parties submit only one set of proposed findings of fact and conclusions of law, and do so only after the conclusion of the trial. Parties are not allowed to file "responses" to their adversaries' proposed findings and conclusions. General Cigar believes this customary procedure is appropriate in this case, because the findings and conclusions would be based on all evidence offered in the case, as would be the case in a live trial. A single set of findings and conclusions would also spare the Court from having to review a series of interim proposed findings and conclusions as it reviews the record.

In addition, Cubatabaco's proposal appears to be a means of avoiding the page limit restriction on briefs that the Court emphasized at the September 22, 2023 motion hearing. The Court denied a joint request for enlargements, stating "I frankly seldom find that adding extra pages does much more than get a lot of editorial comments in." (Sept. 22, 2023 Hr. Tr. at 12:16-22). General Cigar expects that the parties will be able to file a robust list of uncontested stipulated facts on November 13, 2023. If it turns out that there remain a substantial number of facts in contest, then the parties can so advise the Court and request a page enlargement for briefs. At the hearing, the Court said that it would consider such a request for enlargement if the parties showed that it was warranted. (Sept. 22, 2023 Hr. Tr. at 14:6-20).

Cubatabaco's proposal will force the parties to file proposed findings of fact and conclusions of law before the evidentiary record is complete, which is neither practical nor efficient. Cubatabaco's proposal also allows a party to "respond" to the opposing party's proposed findings, which is not needed if the parties file proposed findings after the close of the evidentiary record.

### b. *Cubatabaco's Statement:*

Cubatabaco's proposal is an efficient and practical treatment of proposed findings of fact and conclusions of law. It is consistent with the Court's confirmation at the September 22 hearing that the proposed findings and conclusions of law will be a separate document from the briefs. Dkt. 65, 17:19-18:4.

Rather than adding another step to the process, this allows the parties to prepare these filings in tandem with the briefs. Under General Cigar's proposal, the proposed findings of fact and conclusions of law would require an additional 30-day period following briefing. Under Cubatabaco's proposal, the content of the proposed findings of fact and conclusions of law would be finalized and disclosed as of the opposition briefing, informing each party's final arguments on reply.

General Cigar argues that this process will result in additional pages, but there is no basis for that concern. The parties' proposed findings of fact and conclusions of law are likely to be of similar length regardless of whether they are prepared in two stages during briefing or separately after briefing, and neither process will result in additional burden on the Court or on either party. Cubatabaco shares General Cigar's hope that the parties will negotiate a substantial number of stipulated facts, which will in turn reduce the length and number of the proposed findings under either process.

7

In the chart above, Cubatabaco has proposed filing each party's combined proposed findings at the time of the reply briefing, but if the Court prefers there is flexibility to file the combined proposed findings at the time of the opposition briefing or at any point thereafter.

Dated: October 6, 2023

By: */s/ Benjamin L. Hatch*
Benjamin L. Hatch (VA Bar No. 70116)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Ste 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3727
Facsimile: (757) 640-3947
E-mail: bhatch@mcguirewoods.com

Lucy Jewett Wheatley (VA Bar No.77459)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-4320
Facsimile: (804) 698-2017
E-mail: lwheatley@mcguirewoods.com

John Marston (VA Bar No. 95106 )
FOLEY HOAG LLP 1717
K Street N.W. Washington, DC 20006
Tel: 202-232-1200
Fax. 202-785-6687
jmarston@foleyhoag.com

Natasha N. Reed (admitted *pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: 212-812-0400
Fax: 212-812-0399
nreed@foleyhoag.com

Nicole Kinsley (admitted *pro hac vice*)
FOLEY HOAG LLP
Seaport West 155 Seaport Boulevard

By: */s/ J. Kevin Fee*
J. Kevin Fee (VA Bar No. 88376)
DLA PIPER LLP (US)
500 Eighth Street
Washington, DC 20004
Tel. 202.799.4441
kevin.fee@us.dlapiper.com

Andrew L. Deutsch (admitted *pro hac vice*)
Law Offices of Andrew L. Deutsch
6540 Olympic Place
Los Angeles, CA 90035
Tel: 917.861.3315
adeutsch221@gmail.com

Stanley J. Panikowski III (admitted *pro hac vice*)
DLA Piper LLP (US)
401 B Street
San Diego, CA 92101
Tel. 619.699.2700
stanley.panikowski@us.dlapiper.com

Joshua Schwartzman (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas, Fl. 27
New York, NY 10020
Tel. 212.336.4671
joshua.schwartzman@us.dlapiper.com

Oscar M. Orozco-Botello (admitted *pro hac vice*)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel. 310.595.3077
Oscar.orozco-botello@us.dlapiper.com

Boston, MA 02210-2600  
Tel: 617-832-1000  
Fax: 617-832-7000  
nkinsley@foleyhoag.com

Michael Krinsky (admitted *pro hac vice*)  
Lindsey Frank (admitted *Pro hac vice*)  
RABINOWITZ, BOUDIN, STANDARD, KRINSKY & LIEBERMAN, P.C.  
320 West 85th Street  
New York, NY 10024  
Tel: 212-254-1111  
Fax: 212-674-4614  
mkrinsky@rbskl.com  
lfrank@rbskl.com

***Attorneys for Empressa Cubana del Tabaco, D.B.A. Cubatabaco***

***Attorneys for Plaintiff General Cigar Company, Inc.***